ROBERT R. POWELL, CSB# 159747
SARAH E. MARINHO, CSB# 293690
POWELL & ASSOCIATES
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0200
F: (408) 553-0203
E: rpowell@rrassociates.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENE SIGAL, L.S., a minor, and S.S., a minor, by and through their Guardian Ad Litem,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, LILIA MERIN, TASHA BEARD, DORIS LEMIEUX, PRISCILLA ASHBURN, ANGELA LEE, CATHY WEINGART,TAMARA PONCIA, BILLETE MARTIN, JAMES MARTIN, ROSA FIGUEROA-VERSAGEIS, Does 1-50<br><br>Defendants. | Case No. 17-CV-04851 RGK-AGR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS TAMARA PONCIA'S AND BILLETE MARTIN'S MOTION TO DISMISS [F.R.C.P. 12(b)(6)]**<br><br>Date: September 18, 2017<br>Time: 8:30 a.m.<br>Location: Courtroom 850, 8th Fl<br>255 East Temple Street, Los Angeles, CA 90012 |

Plaintiff Gene Sigal, individually and as Guardian ad Litem for minor Plaintiffs L.S. and S.S., respectfully submits the following Opposition to Defendants Tamara Poncia's and Billete Martin's Motion to Dismiss (Dkt. 19).

1

Plaintiffs' Opposition to Defendants Poncia's and B. Martin's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

## I. INTRODUCTION

Plaintiffs Gene Sigal, L.S., and S.S. alleged in their Complaint (hereinafter cited as "Dkt. 1-2") that Defendants Tamara Poncia ("Poncia") and Billete Martin ("B. Martin") violated their 14th Amendment rights by participating in a multi-year conspiracy with social workers from DCFS to separate Gene Sigal from his children, and alienate and poison them against him, with the eventual goal of assuming permanent custody of the Sigal children. Defendants Poncia and B. Martin argue that the Complaint should be dismissed against them because they are not state actors and Plaintiffs do not sufficiently allege a conspiracy with state actors. They also argue that Plaintiff Gene Sigal's claims are time barred. Both arguments fail; the facts pled in the Complaint thoroughly lay out the ways in which Poncia and B. Martin worked jointly with social worker Defendant Lee and her supervisor Defendant Weingart, to secure the removal of Gene Sigal's children in an attempt to adopt them or otherwise assume custody. Gene Sigal's claims are not time barred because he did not discover the underlying injurious conduct until after his children were removed in April 2015.

## II. LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the court must "accept as true all of the factual allegations set out in plaintiff's Complaint, draw inferences from

2

Plaintiffs' Opposition to Defendants Poncia's and B. Martin's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

those allegations in the light most favorable to plaintiff, and construe the Complaint liberally." [*Rescuecom Corp. v. Google Inc.*, 562 F3d 123, 127 (2nd Cir. 2009); *Mediacom Southeast LLC v. BellSouth Telecommunications, Inc.,* 672 F.3d 396, 400 (6th Cir. 2012)] All reasonable inferences from the facts alleged are drawn in plaintiff's favor in determining whether the Complaint states a valid claim. [*Braden v. Wal-Mart Stores, Inc.,* 588 F3d 585, 595 (8th Cir. 2009) — "*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice"; *see also Barker v. Riverside County Office of Ed.,* 584 F3d 821, 824 (9th Cir. 2009)] This rule of liberal construction "*is particularly important in civil rights cases.*" [*Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000) "A Complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [*Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir.1996)]

### III. ARGUMENT

#### A. Defendants Qualify As State Actors Because They Acted Jointly With Government Defendants In Furtherance of a Common Goal

Defendants argue that Poncia and B. Martin are not state actors merely because they were private foster parents. However, Plaintiffs have never asserted that Poncia or B. Martin were liable *simply because they were foster parents*, but rather because they actively conspired with state actors, i.e. social workers, to

3

Plaintiffs' Opposition to Defendants Poncia's and B. Martin's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

deprive Plaintiffs of their constitutionally guaranteed rights to familial association.

In order to be considered state action, when a private actor participates in a governmental act, the court must find a sufficiently close nexus between the state and the private actor "so that the action of the latter may be fairly treated as that of the State itself." [*Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350 (1974); *See Jensen v. Lane County,* 222 F.3d 570, 574 (9th Cir. 2000) - Private physician who assists in detaining and examining persons brought by police to his treatment facility considered a "state actor" for the purposes of a § 1983 action]  In this case, Plaintiffs allegations that Poncia and B. Martin acted jointly with social worker defendants in securing the removal and continued detention of the minors from their father would qualify them as state actors.  Plaintiffs contend the "close nexus / joint action" test in *Jensen* is met under the facts of this case such that – particularly at this pleading stage of the matter – Defendants Poncia and Martin can and should be held to answer the Complaint and participate in discovery on the issue of their involvement as veritable state actors conspiring with actual state actors.

To be sure, Plaintiffs did not claim that Poncia and B. Martin merely *overheard* Social Worker Lee state to the skies that "[t]hese children will never be returned to their father." Plaintiffs allege that Lee specifically *promised* Poncia

4

Plaintiffs' Opposition to Defendants Poncia's and B. Martin's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

and B. Martin that the children would never be returned to their father (Dkt. 1-2 ¶ 183, 564), and that all parties acted according to that promise, ratcheting up their brainwashing of the children for they believed they could do so with impunity. Separation of the children from their father and subsequent adoption or guardianship placement with and by the maternal relatives was the common design between the Defendants, both the private and the state actors. All of the actions set forth as taken with regard to Poncia, B. Martin, and the County employee defendants set forth in the Complaint can easily be inferred to be in furtherance of that common goal; that is the only test that needs to be met at this stage.

Plaintiffs alleges a myriad of specific facts that support the claim that Poncia and B. Martin actively worked with the social worker Defendants to deprive them of their familial association rights, including but not limited to: 1) that Poncia refused to comply with court orders for therapy and visitations between Plaintiff and his children in order to delay and frustrate reunification, yet the social workers continued to leave the children in her care (Dkt. 1-2 ¶ 220-222, 251-254, 290-292, 356-357, 563-564); 2) that pursuant to the promise she made to Poncia, Lee tried to persuade Plaintiff to enter into a "legal guardianship" whereby the minors would be placed legally in the care of Poncia, with daily access to B. Martin (Dkt. 1-2 ¶ 300); 3) that Poncia shared with Lee that she and

5
Plaintiffs' Opposition to Defendants Poncia's and B. Martin's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

B. Martin were preparing the paperwork to adopt the minors, and thanks to Lee's promise, B. Martin was confident adoption was a real possibility, despite the fact that Plaintiffs were ordered to receive reunification services (Dkt. 1-2 ¶ 332-335); 4) that Lee had told Poncia and B. Martin to provide a cell phone to L.S. so that they could remain in contact with her, in spite of the Juvenile Court's orders denying them visitation until they participated in family therapy (Dkt. 1-2 ¶ 391, 410-425); 5) that per Lee's suggestion, B. Martin told James Martin to buy and give the phone to L.S. and keep the phone a secret from her father (Dkt. 1-2 ¶ 413, 421-422); 6) that Lee contacted Poncia and B. Martin for placement referrals for the children and Poncia requested placement with a family near her to ensure her continued influence over the children, and Lee accepted this proposal before even having secured a removal warrant (Dkt. 1-2 ¶ 538-549); 7) that Lee knew full well of the well documented emotional manipulation by Poncia on the children and the cell phone ploy to turn L.S. against her father, and purposely omitted that relevant information from her April 17th warrant application to remove the children from Plaintiff (Dkt. 1-2 ¶ 569-570).

    A meeting of the minds and common goal very clearly existed between the maternal relatives and the social workers to deprive Plaintiffs of their constitutional rights to familial association, and subsequently resulted in an actual deprivation upon the removal of the children. Indeed, this Court has already

6

Plaintiffs' Opposition to Defendants Poncia's and B. Martin's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

analyzed the same claims as to Lee and Weingart and found that Plaintiffs sufficiently pled facts to support the existence of a conspiracy between the social worker defendants and the maternal relatives to interfere with Plaintiffs' rights (Dkt. 25). If such allegations are deemed sufficient as to one half of a conspiracy, they logically must be as to the other half as well.

**B.     Plaintiff Gene Sigal's Claims Related to the 2015 Removal Are Timely**

Defendants argue that Plaintiff Gene Sigal's claims as an individual are time barred prior to May 17, 2015. Plaintiff is bemused as to where this date comes from; it is not from the Complaint. As stated by Defendants, the applicable statute of limitations for actions under 42 U.S.C. § 1983 in California is two years. Plaintiff filed his Complaint on April 18, 2017, two years after his children were removed.  Plaintiffs' factual allegations against Defendants Poncia and B. Martin related to the 2015 removal of his children either took place *after* April 18, 2015, or he only found out about the conduct after April 18, 2015. Federal law determines when a civil rights claim accrues. [*Knox v. Davis,* 260 F.3d 1009, 1013 (9th Cir.2001)] "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." [*Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (quoting *Knox* at 1013)] Plaintiff sets forth no specific date in his Complaint as to when he exactly learned of all that had gone on between Poncia, B. Martin, Lee and

7

Plaintiffs' Opposition to Defendants Poncia's and B. Martin's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

Weingart, making it a wonder where Defendants come up with their argument on timeliness.

In fact, Plaintiff states in the Complaint that the alleged conduct (e.g. that Defendants slipped his daughter a cell phone to continue to alienate her against him, even while she was in his care) were not known to him prior to the return of his children and he only learned of these facts from B. Martin *after* the children had been removed again on April 18, 2015 (Dkt. 1-2 ¶ 410-412). There is no also no way that Plaintiff should have reasonably known about this conduct earlier, given that the entire purpose was to keep the cell phone and contacts a *secret* from him!

## IV. CONCLUSION

For all of the foregoing reasons, Defendants Poncia's and B. Martin's arguments fail, and their motion should be denied. Plaintiffs more than sufficiently pled the facts necessary to sustain their cause of action against these Defendants.

Respectfully Submitted,

Dated: August 28, 2017     /s/ Robert R. Powell_____
ROBERT R. POWELL
Attorney for Plaintiffs

8

Plaintiffs' Opposition to Defendants Poncia's and B. Martin's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR