ROBERT R. POWELL, SBN 159747
SARAH E. MARINHO, SBN 293690
POWELL & ASSOCIATES
925 West Hedding Street
San Jose, California 95126
T: (408) 553-0201
F: (408) 553-0203
E: rpowell@rrpassociates.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE SIGAL, L.S., a minor, and S.S., a minor, by and through their Guardian Ad Litem,<br><br>                  Plaintiffs,<br><br>      vs.<br><br><br>COUNTY OF LOS ANGELES, LILIA MERIN, TASHA BEARD, DORIS LEMIEUX, PRISCILLA ASHBURN, ANGELA LEE, CATHY WEINGART,TAMARA PONCIA, BILLETE MARTIN, JAMES MARTIN, ROSA FIGUEROA-VERSAGEIS, Does 1-50<br>                Defendants. | Case No. 17-CV-04851 RGK-AGR<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT ROSA FIGUEROA-VERSAGE'S MOTION TO DISMISS [F.R.C.P. 12(b)(6)]<br><br><br>Date: November 13, 2017<br>Time: 9:00 a.m.<br>Location: Courtroom 850, 8th Fl<br>255 East Temple Street<br>Los Angeles, CA 90012 |

//

//

i

Plaintiffs' Opposition to Defendant Rosa Figueroa Versage's Motion to Dismiss
Sigal v. County of Los Angeles, et al.
Case No. 17-CV-04851 RGK AGR
U.S. District Court for the Central District of California

# **TABLE OF CONTENTS**

Table of Authorities ……………………………………………… iii

I.   INTRODUCTION ………………………………………………....1

II.  LEGAL STANDARD ………………………………………………..1

III. ARGUMENT …………………………………………………... 2

   A. Preface ………………………………………………….... 2

   B. Plaintiffs' Section 1983 Claims Should Not Be Dismissed ……....4

      i.    Absolute Immunity Does Not Apply Or Shield
            Defendant …………………………………………4

      ii.   Defendant Is Not Entitled to Qualified Immunity........8

      iii.  State Actor and Color of Law Arguments; Fact
            Bound Inquiries Support Denial of Requests to
            Dismiss the Case Against Defendant………………..9

      iv.   Causation …………………………………………... 13

   C. Plaintiffs' Legal Malpractice Allegations Should Stand …………... 14

IV. CONCLUSION ………………………………………………….. 17

ii

Plaintiffs' Opposition to Defendant Rosa Figueroa Versage's Motion to Dismiss
Sigal v. County of Los Angeles, et al.
Case No. 17-CV-04851 RGK AGR
U.S. District Court for the Central District of California

# TABLE OF AUTHORITIES

## **Cases**

*Adickes v. S.H. Kress & Co.* 398 U.S. 144 (1970)  ........................................... 10

*Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350 (9th Cir. 1981)  ...... 13 (fn 9)

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 2

*Babcock v. Tyler*, 884 F.2d 497 (9th Cir. 1989)  .................................................. 5

*Balthorpe v. Sacramento County [HHS]*,
 2011 WL 6130903 (E.D. Cal. 2011) ................................................................. 6

*Barker v. Riverside County Office of Ed.*, 584 F3d 821 (9th Cir. 2009) ........... 2

*Bell Atlantic Corp. v. Twombly*,  550 U.S. 544 (2007) ........................................ 2

*Beltran v. County of Santa Clara* 514 F.3d 906 (9th Cir. 2008) ........................ 7

*Braden v. Wal-Mart Stores, Inc.*, 588 F3d 585 (8th Cir. 2009) ........................ 1

*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*,
531 U.S. 288 (2001) ......................................................................................... 17

*Budd v. Nixen*, 6 Cal.3d 195 (1971) ...................................................... 14 (fn 10)

*Burton v. Wilmington Parking Authority*, 365 U.S. 715 (1961) ...................... 11

*Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336 (9th Cir.1996) ......................... 2

*Cuadra v. City of S. San Francisco*,
C08-3439 TEH, 2010 WL 55875 (N.D. Cal. Jan. 4, 2010) ................. 13 (fn 9)

*Greene v. Camreta*, 588 F. 3d 1011 (9th Cir. 2009) ......................................... 13

*Hardwick v. County of Orange*, 844 F. 3d 1112 (9th Cir. 2017)  ............... 7, 13

*Haugen v. Fields*, 366 F. App'x 787 (9th Cir. 2010)  ............................ 13 (fn 9)

iii

Plaintiffs' Opposition to Defendant Rosa Figueroa Versage's Motion to Dismiss
Sigal v. County of Los Angeles, et al.
Case No. 17-CV-04851 RGK AGR
U.S. District Court for the Central District of California

*Howard v. Drapkin,* 222 Cal. App. 3d 843 (1990) ................................... 8 (fn 4)

*In re La Shonda B.,* 95 Cal.App.3d (1979) ....................................................... 16

*Johnson v. State of Cal.*, 207 F.3d 650 (9th Cir.2000) ..................................... 2

*Kalina v. Fletcher* 522 U.S. 118 (1997) ............................................................ 7

*Kirtley v. Rainey,* 326 F. 3d 1088 (9th Cir. 2003) ............................................ 8

*Kurzawa v. Mueller*, 732 F.2d 1456 (6th Cir. 1984) ...................................... 6, 7

*Lacey v. Maricopa County* 693 F.3d 896 (9th Cir. 2012) ................................. 7

*Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982) ......................................... 11

*Miller v. Gammie* 335 F.3d 889, 892-3 (9th Cir. 2003) ........................... 5 (fn 1)

*Myers v. Morris,* 810 F.2d 1437 (8th Cir. 1987) ...................................... 8 (fn 4)

*Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179 (1988) ............... 10

*Pearson v. Callahan*, 555 U.S. 223 (2009) ....................................................... 9

*Rescuecom Corp. v. Google Inc.*, 562 F3d 123 (2nd Cir. 2009) ....................... 1

*Safouane v. Fleck*, 226 Fed. App'x 753 (9th Cir. 2007) .......................... 5(fn 1)

*Saucier v. Katz,* 553 U.S. 194 (2001) ............................................................... 9

*Secress v. Ullman*, 147 Fed. App'x. 636 (9th Cir. 1983) ......................... 9 (fn 5)

*United States v. City of Redwood City*, 640 F.2d 963 (9th Cir. 1981) ...... 14, 17

*Vlastelica v. Brend*,
2011 IL App (1st) 102587, 954 N.E.2d 874 (2011) ............................... 9 (fn. 5)

iv

Plaintiffs' Opposition to Defendant Rosa Figueroa Versage's Motion to Dismiss
Sigal v. County of Los Angeles, et al.
Case No. 17-CV-04851 RGK AGR
U.S. District Court for the Central District of California

Statutes:

Welfare & Institutions Code

    § 317 ................................................................................... 16
    § 318 ..................................................................................... 5
    § 827 ................................................................................... 16

v

Plaintiffs' Opposition to Defendant Rosa Figueroa Versage's Motion to Dismiss
Sigal v. County of Los Angeles, et al.
Case No. 17-CV-04851 RGK AGR
U.S. District Court for the Central District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## I.     INTRODUCTION

Plaintiffs alleged in the Complaint that social workers Lee and Weingart, maternal relatives Poncia and Martin, along with Figueroa-Versage, violated their 14th Amendment rights by participating in a conspiracy to separate and/or continue to separate Mr. Sigal from his children, and alienate them against him, the goal being that Poncia assume custody.  The plot was foiled by a kind-hearted pastor with whom the children were placed after spending their "second segment" of foster care living with the placement Poncia recommended to the social workers (which she did even before the children were removed with the allegedly fraudulently obtained warrants described in the Complaint). Within two weeks of placement these children engaged in day long visits with their father, and shortly thereafter fully reunited.  During Figueroa-Versage's time in the case, she never fought for her clients rights in those regards; not once. Never once did she seek to have them removed from the Poncia influence. The case is in short about despicable abuse of power all around, and gross malfeasance and legal malpractice by this Defendant.

## II.    LEGAL STANDARD

On a motion to dismiss under FRCP Rule 12(b)(6), the court must "accept as true all of the factual allegations in plaintiff's Complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the Complaint *liberally*." [*Rescuecom Corp. v. Google Inc*., 562 F3d 123, 127 (2nd Cir. 2009)]  All reasonable inferences from the facts alleged are drawn in plaintiff's favor in determining whether the Complaint states a claim.  [*Braden v. Wal-Mart Stores, Inc.,* 588 F3d 585, 595 (8th Cir. 2009) —

1

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

"*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice"; *see also Barker v. Riverside County Office of Ed.,* 584 F3d 821, 824 (9th Cir. 2009)]  The rule of liberal construction "*is particularly important in civil rights cases.*" [*Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000)  "A Complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [*Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 338 (9th Cir.1996)]

The burden is on the Defendant who claim that a Complaint insufficient; simply claiming assertions of fact are "conclusory," is insufficient, and is itself conclusory.

## III.   ARGUMENT

### A.    Preface

Defendant's Motion to Dismiss ("MTD", Docket 34) takes snippets of case language, rather disingenuously inserts propositions and concepts not expressed in the case holding/opinion, and then implies or overtly states that the case holding/opinion supports the modified-to-fit proposition or concept.  Facts are included in argument not found in the Complaint.  For example the sentence, "As the children's attorney and guardian ad litem," is used by Defendant at MTD 11:22, to make her fit into case law that is not in her title or function; she was not a guardian ad litem.

Also discouraging is the use of cases that are summary judgment cases, when there are disparate standards of ruling upon a FRCP 12(b)(6) motion versus a FRCP 56 motion, yet they are used to argue what a Plaintiff must

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

"show" or "prove." This of course confuses the two motions' standards and reasoning wildly; Plaintiffs trusts the Court will separate wheat from the chaff.

This particular Motion to Dismiss, also stretched far and wide to talk about the rules with regard to the guardian ad litem that Defendant was not alleged to be, pulling in state cases from other states, a couple of federal cases from different jurisdictions, cases occurring prior to game-shifting precedent, as well as a healthy amount of cases conducted by pro-per Plaintiffs that have – as can be expected – gaping holes in appropriate argument or proper allegations in the Complaints they have filed. Those types of case then can, and often do, lead to "holdings" that might even sound pretty good if set forth in summary fashion in a false light, without the background of the pro-per Plaintiff's failings. For example, if a Plaintiff does not even plead that a Defendant acted under color law, chances are they are going to lose a Motion to Dismiss. It would be disingenuous to summarize that as a case where the holding is, "court-appointed attorney for minor child is immune from [1983] liability." [MTD 10:16-18]

Plaintiffs opposition can be boiled down to these simple concepts: 1) Defendant was not a guardian ad litem; 2) the facts alleged are sufficient to infer she conspired with the DCFS social workers to unlawfully interfere with the relationship of the children with their father at worst, including where doing so consisted of complicit silence in front of the Court; 3) Defendant was grossly negligent on her own acting far below the standards of attorneys, thereby affecting the outcome by at least the extension of the separation of parent and children, thereby committing malpractice; and 4) conspiracy claims, in addition to determining whether there was a sufficient joint action, close nexus, or

3

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

meeting of the minds enough to establish one, are *fact intensive inquiries* and should not be inflexibly dismissed when it is the nature of such conspiracies not to leave a succinct written trail; discovery is needed if Plaintiffs now, or Plaintiffs ever, are to vindicate these violations of significant rights.

Of course these points require great explication when having to sort through the inapplicable cases and arguments to avoid the false impression sought to be given the Court from being taken, before getting to the meat of the allegations and law.  Plaintiffs will do their best to do so.

Plaintiff points out initially, there appears no claim that Plaintiffs did not allege Defendant Figueroa-Versage was acting under color of law. There is a section in the MTD at page 13:2 where the header actually does make that claim, but it is apparently just a dishonest header, for the argument thereafter is that Plaintiff did not "adequately" plead Figueroa-Versage, a "private person," "conspired or entered into joint action with a state actor."

**B.     Plaintiffs' Section 1983 Claims Should Not Be Dismissed**

i.     <u>Absolute Immunity Does Not Apply Or Shield Defendant</u>

Although Defendant initially lists "5 specific reasons" she is not liable for anything at all at MTD 1:21-3:5, she does not list absolute immunity as one of them.  In the initial part of her MTD starting at page 9, however, she argues the application of absolute immunity.  It is unclear if it is supposed to actually be an argument for the proposition that absolute immunity applies for participating in a conspiracy to terminate or interfere in rights of familial association between children and a parent, *because*, you are a court appointed attorney for the minor. Regardless, the apparent argument must now be dealt with.

4

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

Defendant's citation to *Babcock v. Tyler* is mystifying, as the case does not deal with court appointed counsel at all.[1] If it did, they do not by any measure, "prosecut[e] child neglect and delinquency proceedings[.]"  Defendant does not offer that this Defendant does any of those things, and Plaintiffs certainly did not plead it.[2]  It bears no citation that "prosecuting" a juvenile dependency case is the job of the agency and its counsel (common reference - "County Counsel").  Plaintiffs contend there is no dispute  – not one sufficient to overcome the inferences needed from the facts of the alleged conspiracy in the Complaint – that she was an active participant in violating Plaintiffs' rights (and committing legal malpractice at least) and her motion must be denied.  This conduct  was seen by prolonging in concert with the County Defendant social workers of the separation of parent and child, by such things as not enforcing the court ordered visitation in any manner, not conducting any nature of reasonable investigation of the facts or the wishes of the children and properly reporting them to the Court (see Welfare & Institutions Code § 318), not recusing herself when there was, at least on the facts alleged, a glaring conflict of interest between the wishes of the children in their then-alleged-by-DCFS position on seeing/visiting/returning to father.

---

[1] The fact *Babcock* was overruled, both in *Miller v. Gammie* 335 F.3d 889, 892-3 (9th Cir. 2003), and acknowledged as such later in *Safouane v. Fleck*, 226 F. App'x 753, 762 (9th Cir. 2007) should end the absolute immunity argument.
[2] There is irony afoot, for in part what Plaintiffs are indeed alleging is that Defendant Figueroa-Versage did, euphemistically speaking, "*prosecute*" a case against the minor plaintiffs' father and the children's interests in their familial rights, she just did so in concert with the County employees.

5

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

Defendant raised arguments about how guardian ad litems are entitled to such immunity.[3]  Since Defendant was not the guardian ad litem nor alleged to be, Plaintiff will attempt to be brief in dismissing the arguments. Defendant tells the Court that *Balthorpe v. Sacramento County [HHS],* 2011 WL 6130903 (E.D. Cal. 2011), stands for the proposition, "court-appointed attorney for minor child is immune from liability." [MTD 10:16-18]  Not true; it is the example used in the beginning of this Opposition.  This unpublished District Court case ruled on a motion to dismiss against a pro-per plaintiff who *failed to allege* the attorneys were acting under color of law. [*Id.* 3]  It is no surprise he lost.

Defendant doubles-down on flimsy arguments with *Kurzawa v. Mueller,* 732 F.2d 1456, a 1984 case from the Sixth Circuit, which aside from pretty much applying absolute immunity across the board for anyone remotely associated with a judicial process (*except court appointed attorneys representing children – for there was none in the case at all*), was mostly filled with grants of judgment based on statute of limitations. But Defendant tells the Court in her signed pleading that, "To perform their quasi-judicial role, *court-appointed attorneys* and guardians ad litem 'must also be able to function without the

---

[3] There is some irony in the fact that Defendant's cite the following language from *Babcock*, "[T]he crucial inquiry [about whether absolute immunity applies]. . . is whether the function for which immunity is claimed is so much an integral part of the judicial process that to deny immunity would disserve the broader public interest in having participants such as judges, advocates and witnesses perform their respective functions without fear of having to defend their actions in a civil lawsuit." [MTD 9:24-28]  The actual Court actually left out the word "attorneys" when listing those deserving of protections.

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

worry of possible later harassment and intimidation from dissatisfied parents'."
[MTD 10:26-11:1 – overlooking her clients are suing her as well?] Defendant
follows this with *Kurzawa* at page 1458. Indeed the Court should look at it. It
will see Defendant inserted "*court appointed attorneys*" themselves. The case
does not say that at all.

It has been over three decades since the *Kurzawa* decision. In the
meantime the Supreme Court and Ninth Circuit have seen things differently than
the Sixth Circuit. The nature of absolute immunity as some blanket for all in a
court proceeding was forever changed (clarified really) by *Kalina v. Fletcher*
522 U.S. 118 (1997). *Kalina* in fact said a 1983 action can lay against a
*prosecutor – a government actor acting under color of law, as ever there was –*
when they act in the capacity of a complaining witness; in acting as such witness
their function is not afforded absolute immunity at common law.  [*See also,
Lacey v. Maricopa County* 693 F.3d 896 (9th Cir. 2012) – *en banc;* special
prosecutor not entitled to absolute immunity] The Ninth Circuit has since then
also wiped out absolute immunity for social workers such as those Figueroa-
Versage conspired with in *Beltran v. County of Santa Clara* 514 F.3d 906 (9th
Cir. 2008), and further recently said not even *qualified* immunity for Ms.
Figueroa-Versage's co-conspirators when lying in court.  [*Hardwick v. County
of Orange* 844 F.3d 1112 (9th Cir. 2017)]  If absolute immunity applied, there
would be no need for these decisions on qualified immunity!

If indeed the Plaintiffs' complaints against Defendant were simply that she
"sided against" the father, as Defendant attempts to portray it, that would not be
enough to allege a 42 U.S.C. § 1983 violation; Plaintiffs know that. Were that

7

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

the case, the mere fact of her position as a court-appointed attorney could be argued as a somewhat legitimate analogy/parallel to a guardian ad litem, and thus immune.[4]  But Plaintiffs are alleging she was part of the conspiracy, and Plaintiffs challenge Defendant to produce one case that involves a guardian ad litem, or a psychologist, or a mediator, with facts supporting participation in a conspiracy, where they were afforded *absolute* immunity.  A conspiracy to violate any court case party's rights working in lock-step with government actors is decidedly outside of the function that such non-judicial but "integral to the process" individuals perform; *any* immunity is lost.

        ii.    <u>Defendant Is Not Entitled To Qualified Immunity</u>

        a.    <u>Even Guardian Ad Litems Can Be Deemed State Actors</u>

Defendant attempts to position herself as a guardian ad litem.  Even if a fitting analogy, the 9th Circuit has previously recognized that plaintiffs can possibly plead facts that show that despite the *statutory role* of a guardian ad litem, his or her actions were attributable to the state, or (as is more the point in this case), at the "direction" of the state.  [*Kirtley v. Rainey* 326 F.3d 1088, 1095 n. 5 (9th Cir. 2003) – possible plaintiff plead facts showing despite statutory role of the guardian ad litem, his or her actions were fairly attributable to or at the direction of the State].  Here, the allegations are of a concerted effort to violate

---

[4] Note that for all of Defendant's argument about absolute immunity, they end up arguing qualified immunity, but acknowledge – at least in a footnote -  fn. 6 on page 11, "[ ] California courts do not appear to have squarely addressed whether court appointed counsel in dependency proceedings have quasi-judicial immunity [. . . ]."  The footnote argument then digresses to a case about psychologists with immunity (*Howard*, not relevant), and how that case relied on another case (*Myers v. Morris*), the latter of which was overruled.

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

rights versus some close nexus to state functions or titles – the point remains that even guardian ad litems can be held liable for violations of 42 U.S.C. § 1983. Defendant goes on citing state cases of Nebraska, Massachusetts, Illinois, and a Dist. Court case from Washington D.C., all involving guardian ad litems. They are inapposite, irrelevant, and that is the only argument against them that they deserve.[5] This case had a guardian ad litem; Figeuroa-Versage was not it.[6]

### b.   Repeated Refrain Of "Qualified Immunity" Is Not Enough

Qualified immunity is a two part process of discernment, a court must decide 1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and 2) if so, whether that right was "clearly established" at the time of the defendant's alleged misconduct. [*Pearson v. Callahan*, 555 U.S. 223 (2009), citing *Saucier v. Katz* 553 U.S. 194 (2001)]

At no point does Defendant make either of these arguments, she simply argues repeatedly without explication, that she should get qualified immunity. Plaintiffs substantive opposition is not needed to an argument not made.

---

[5] *Vlastelica v. Brend*, 2011 IL App (1st) 102587, 954 N.E.2d 874, 795-98 (2011) the only case cited that actually appears to involve an attorney representing a child, albeit in a divorce proceeding; 1) juvenile dependency proceedings are not "best interest of the child" standard and Defendant's provide no authority to the contrary (c.f. W&IC 300, et seq), 2) juvenile dependency proceedings are not "custody proceedings." They also cite *Secress v. Ullman*, 147 Fed Appx. 636, one of the *pro se* cases, consisting of a two page opinion without a semblance of discussion of the facts that informed the decision. It is an opinion simply bullet-point-listing agreement with the District Court's ruling. Who knows what the *pro se* plaintiff alleged?

[6] As a matter of fact, though admittedly not said in the Complaint which counsel are supposed to focus on in a 12(b)(6) motion – the children had an actual "guardian ad litem" appointed under CAPTA; it was not Figueroa-Versage.

9

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

iii.    State Actor and Color of Law Arguments; Fact Bound Inquiries Support Denial Of Requests To Dismiss The Case Against Defendant

Defendant states as the second of her "specific reasons" for non-liability that Plaintiff "does not allege *any* facts showing a conspiracy or joint action with state actors necessary to establish that private actor Figueroa-Versage acted under color of state law," and, "[t]he allegations do not reasonably permit an inference that she had a meeting of the minds with any of the county officials involved in the juvenile [case]." [MTD 2:1-5]  While Defendant does not then address *all* of the allegations in the Complaint that lay out facts from which a reasonable inference of her joint action (or personal malpractice) can be drawn, she does lay out some which indeed support such inferences at MTD 6:15-7:12.

Plaintiff submits that there are reasonable inferences to be drawn from the conduct of Figueroa-Versage that she was supporting the County's case – not the childrens' rights to reunification with their father.   It is clear per Supreme Court law, "[a] private party's joint participation with a state official in a conspiracy to discriminate would constitute **both** "state action essential to show a direct violation of petitioner's Fourteenth Amendment equal protection rights" *and* action "'under color' of law for purposes of the statute." [*Adickes v. S.H. Kress & Co*. 398 U.S. 144, 150 (1970)]  And further, relying on *Adickes*, a further iteration of what is needed to proceed with litigation with regard to the level of inference that is necessary to be shown, is that it is not high, not insurmountable, and certainly should not be used to allow ready exit from litigation involving violation of constitutional rights.  [*Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 200 (1988) - plaintiff entitled to relief under § 1983 against

10

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

private party if can prove that private party and police officer "*reached an understanding*" to cause arrest on impermissible grounds].

Finally, the Court is asked to consider the points of the Supreme Court again, in *Lugar v. Edmondson Oil Co*., 457 U.S. 922 (1982), where the Court reversed dismissal of a complaint alleging joint action between private actors and state actors to violate due process, and the *Lugar* court noted that such cases are a "*necessarily fact-bound inquiry* that confronts the Court in such a situation [and] need not be resolved here." [Id. 939] Then citing their prior precedent on Motions to Dismiss in *Burton v. Wilmington Parking Authority*, 365 U.S. 715, (1961), noted, "Only by sifting facts and weighing circumstances can the non-obvious involvement of the State in private conduct be attributed its true significance." [*Id*. 722]  The Supreme Court is clearly recognizing that fact bound inquiries should survive motions to dismiss, and in a case where a conspiracy is alleged that could not conceivably be more important.  In few cases does one have a writing signed by conspiratorial tortfeasors outlining the aim/goal or mechanics of their conspiracy, and thus it is the nuances of the whole series of events and circumstances that a Plaintiff must rely on to proceed in an effort to vindicate rights that informs the claim decision.  Plaintiffs believe they have provided enough of those nuances to infer the conspiracy Plaintiff alleges and proceed to discovery on this Defendant.

Defendant tries to minimize the allegations in Plaintiffs' complaint to simply her going "against" the father. [MTD 12:1-4]  Obviously the complaint alleges far more than simply going against father, it alleges going against her own client, and a conspiracy to violate all Plaintiffs' constitutional right to

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

familial association, and her own clients' rights to be free from an unlawful seizure / continued detention. [Dkt. 1, 19:5-12] The Complaint alleges she never filed a single document seeking to enforce her clients' rights, yet there was a court order requiring visitation with their father. [Dkt. 1 47:11-15] This went on for 8 months! [Id. 47:9-11]   As alleged, *everything* that Figueroa-Versage did (until she was abruptly removed from the case in May of 2015) was in lock-step with DCFS and the social worker defendants.  [Id. 47:16-20][7]

Attorneys like Figueroa-Versage are appointed to represent children's interests.  What frequently gets lost somehow with court-appointed juvenile dependency attorneys – particularly one gunning for the coveted prize of a County Counsel job (see fn. 4) – is that those interests (particularly during "*reunification*" ordered by the Court), is to actually ensure kids visit with, and communicate with, the parent they are supposed to "*reunify*" with!

Defendant tells the Court that "civil liability against court-appointed attorneys [ ] is unnecessary, because 'parents like Sigal' have protections from wrongful decisions." [MTD 12:7-13][8]  Arguments about correcting constitutional violations in juvenile dependency proceedings on appeal are meritless.  The Defendant does not offer any authority that California appellate courts on juvenile dependency matters make a single "civil rights" or "constitutional" or "joint action" or "color of law" ruling.  That is because they

---

[7] As an aside, though it can and will surely be included if an amended complaint is needed, Figueroa-Versage now works as a County Counsel for the County of Los Angeles! This was not known at the time the Complaint was filed.

[8] Another argument is made about an administrative process Plaintiffs can use to complain about malfeasant attorneys (MTD 12:14-26), but it is not clear why; Plaintiffs chose this forum, which is their right.

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

do not.  The juvenile courts in California simply do not rule – nor have

jurisdiction to rule – on whether there have been constitutional violations within

a juvenile dependency proceeding.   That is left for civil lawsuits such as this

one.

iv.   <u>Causation</u>

Causation is the area Defendant goes to town on using Motion for

Summary Judgment rulings to make their argument.  [MTD 16:20-18:20][9]

Defendant uses these to make an argument about a need to show causation, and

argue how it was not shown in those cases, though of course in those, discovery

had been completed.  Apparently, at least, the plaintiffs in all of these cases

made it past any motions to dismiss (if any there were).  This being a Motion to

Dismiss, and the Complaint not alleging the Court's rulings at any point, this is a

moribund argument.  Additionally, the Ninth Circuit has certainly made clear

that fraud or hiding evidence in juvenile dependency proceedings is a

constitutional violation in and of itself, and the picture that the allegations in this

case portrays – of which Figueroa-Versage was an intimate player – certainly

reeks of such conduct. [*Greene v. Camreta*, 588 F.3d 1011 (9th Cir. 2009),

vacated in part on other grounds 563 U.S. 692 (2011); *see also*, *Hardwick*,

*supra*] Even if Court rulings are by norms an intervening break in causation,

they are not when the Court is lied to or has evidence withheld from it, and

Figueroa-Versage, by virtue of her role as the attorney for the children is in fact

---

[9] Defendant cites *Cuadra v. City of S. San Francisco*, C08-3439 TEH, 2010 WL
55875, at *6 (N.D. Cal. Jan. 4, 2010); *Haugen v. Fields*, 366 F. App'x 787 (9th
Cir. 2010); *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir.
1981); all motion for summary judgment rulings.

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

1    *required* to report to the Court on things just like the behaviors she, the maternal

2    relatives, and Lee/Weingart engaged in during the proceedings.

3            Finally, the Ninth Circuit has said many times that dismissal based on

4    grounds of causation and negligence are in error; Plaintiffs should be given an

5    opportunity to develop and prove the relevant facts at a trial. [*United States v.*

6    *City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981)]  This concept should

7    apply in cases of professional negligence (e.g. malpractice) as well.

### C.    Plaintiffs' Legal Malpractice Allegations Should Stand

9            Defendant's first argument with regard to the legal malpractice allegation

10   is again a causation argument.  Again Defendant puts forth only holdings in

11   summary judgment cases.[10]  Plaintiff will not list them all again this time in a

12   footnote; they are all rulings on summary judgment motions, which arise after a

13   Defendant answers the Complaint and participates in discovery.

14           An example of where the need to allow Plaintiffs to proceed to discovery is

15   literally highlighted by comments of Defendant in this section. She states:

17                  Nor do the factual allegations surrounding the April 15,
                    2015 teleconference sufficiently plead a conspiracy. The
18                  Complaint alleges that Figueroa-Versage participated in
                    the call and failed to disclose certain facts to the other
19                  participants, but it does not allege that she took any

---

[10] The first case Defendant cites, California Supreme Court decision *Budd v. Nixen,* 6 Cal.3d 195 (1971), while indeed about a summary judgment motion, somewhat ironically reversed a grant of summary judgment on malpractice on a statute of limitations claim, because a factual issue of when the plaintiff suffered harm as a result of the attorney's conduct was not yet resolved.  This highlights that causation has both legal and factual components, and why decisions such as the one Defendant urges this Court to make on a Motion to Dismiss, to wit, that Defendant's actions did not "cause" Plaintiffs injury, are premature at the level of a Rule 12(b)(6) motion.

14

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

1
2
3
4

                    actions in connection with the subsequent applications
for warrants. To the contrary, the Complaint details at
length how the DCFS case worker filed after-hours
applications without any allegations that Figueroa-
Versage was even aware that those applications were
being prepared or filed. [MTD 14:26-15:4]

5
6
7
8
9
10
11
12
13
14

      The allegations do allege her involvement in the teleconference, and, that

the warrant application was sought promptly thereafter. Given her involvement

in that conference – without a word of the prior history indicated as shared

(again, people do not tend to leave note-trails of their nefarious conduct) – is it

not reasonable to infer that Figueroa-Versage was not told or agreed with a plan

to seek a warrant devoid of substantive mitigating/contradicting facts?  Of

course it is! And that is all a Plaintiff needs to survive a motion to dismiss, and

the very reason the law calls for Plaintiffs complaints to be construed liberally

and with all reasonable inferences in their favor.

15
16
17
18
19
20
21
22
23

      Defendant goes on to point out the Court's release of Martin from this

matter, saying the same issues apply. [MTD 15:5-18] But Figueroa-Versage's

position, and her involvement in the case, provided her with knowledge and

information Martin could have never had, not to mention Martin had not a single

statutory duty or otherwise to the children, certainly makes her situation

factually and legally distinct. Martin was not aware of the content of the warrant

application with the missing information on the credibility of L.S. as found by

the Court prior to the warrant application.[11] Nor was Martin privy to any part of

the case file, including the numerous Court reports outlining the conduct of

24
25

---

[11] These comparisons vis-à-vis Martin are of course premised on the fact they are not alleged in the Complaint, the universe all must work within in a FRCP 12(b)(6) motion assessment.

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

Poncia and concern for her undermining reunification. All of these things are confidential under California law. [Welfare & Institutions Code § 827] But Figueroa-Versage certainly was.

Defendant is correct in saying attorneys for children such as Defendant are called under Welfare & Institutions Code 317(e) to advocate "for the protection, safety, and physical and emotional well-being of the child." [MTD 10:3-7] However, one of the points Plaintiffs make by their Complaint is that the physical and emotional well-being of these children includes a relationship with their father, getting the Court ordered visits they are supposed to have pursuant to reunification, going to the father individually if one wishes to go and the other does not; though it should not be forgotten it took two weeks with Sonny Kang for the kids to start hanging out with their father literally all day long. [*See*, *In re La Shonda B.,* 95 Cal.App.3d (1979) – father had standing in juvenile proceeding to assert need for independent counsel because at stake is both the child's welfare and the parent-child relationship] Defendant does not appear to get that near-inalienable right of children to have court ordered visits with their parent, or that children the ages of L.S. and S.S. at that time in their lives were in fact given "adult" attorneys to assist them because they are subject to undue influence and incapable of making their own reasoned and well-informed decisions. They were immature by age alone, and in this case, devastated by the loss of their mother. Defendant did not get any of that then, and it would appear she does not now. Cases like this can be powerful tools to educate not only Defendant, but others similarly situated. The Ninth Circuit has made clear how liberal a construction such Complaints should be given, holding that even if the

16

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR

face of the pleadings suggests that the chance of recovery is *remote*, the Court must allow a Plaintiff to develop the case at this stage of the proceedings. [*See United States v. City of Redwood City, supra,* at 966].

## IV. CONCLUSION

The U.S. Supreme Court has acknowledged that the determination of whether private conduct has become state action is, "necessarily fact bound." [*Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 289 (2001)]  While *Brentwood* was a case about whether an interscholastic athletic association should be treated as a state actor, or engaging in state action, the "fact bound" nature of a case involving claims of conspiracy is even more "fact bound." Since conspirators do not often provide written documentation of their agreements or understandings to violate someone's civil rights, some significant level of deference to a Plaintiffs right to discover those facts must be given, lest such conspiracies continue unabated in an area of civil rights most fundamental to all citizens; their rights of familial association.  Plaintiff requests the Court overrule Defendant Figueroa-Versage's Motion to Dismiss.

In the event the Court disagrees, Plaintiffs request leave to amend, and respectfully requests that grant be made as to all motions to dismiss thus far granted in part, in other words, without limitation on amending the Complaint. [Dkt. 25 & 33]

                                     Respectfully Submitted,

Dated: October 23, 2017              _/s/ Robert R. Powell_____
                                     ROBERT R. POWELL
                                     Attorney for Plaintiffs

17

Plaintiffs' Opposition to Defendants Figueroa-Versage's Motion to Dismiss
Gene Sigal, et al., v. County of Los Angeles, et al.
United States District Court, Central District of California
Case No. 17-CV-04851 RGK-AGR