ORIGINAL

FILED

1  SARAH L. OVERTON (CSB # 163810)
2  CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.
   3801 University Avenue, Suite 560
3  Riverside, CA  92501
4  (951) 276-4420
   (951) 276-4405 facsimile
5  soverton@cmda-law.com
6  Attorneys for Non-Party
7  Superior Court of California,
   County of Los Angeles
8
                  UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10
11 GENE SIGAL, et al.,              )  CASE: CV17-04851 RGK (AGR)
                                    )
12           Plaintiffs,            )
13                                  )  OBJECTION OF NON-PARTY
   v.                               )  SUPERIOR COURT OF CALIFORNIA,
14                                  )  COUNTY OF LOS ANGELES TO
                                    )  "ORDER FOR RELEASE OF JUVENILE
15 COUNTY OF LOS ANGELES, et        )  COURT RECORDS AND
   al.,                             )  INFORMATION" DATED JANUARY 8,
16                                  )  2018
                                    )
17           Defendants.            )
                                    )
18 _____
19
20       TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR
21 ATTORNEYS OF RECORD:
22       The non-party Superior Court of California, County of Los Angeles[1]
23 hereby objects to the release of the juvenile court records as specified in the
24 "Order Regarding Juvenile Case Records and Protective Order" dated January 8,
   2018, for the reasons set forth below.
25
26 _____
27 [1] The Superior Court of California, County of Los Angeles encompasses the
28 "Juvenile Court."

BY FAX

---

NOTICE OF MOTION AND MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On April 18, 2017, plaintiff Gene Sigal on behalf of himself and two minors, L.S. and S.S., filed the present complaint against the County of Los Angeles ("County") and other defendants in the Superior Court of California, County of Los Angeles.  On June 30, 2017, the complaint was removed to the District Court.

On November 15, 2017, seven months after filing the present action, plaintiffs filed a petition for disclosure of juvenile court records in the Superior Court of California, County of Los Angeles – Juvenile Division (hereinafter, "Superior Court") pursuant to California Welfare & Intitutions Code § 827, California Rules of Court, Rule 5.552 and Los Angeles Superior Court Rule 7.2(b).

Two weeks later, on December 4, 2017, plaintiffs filed in this Court their "Motion for Hearing to Order Juvenile Court Documents from Juvenile Dependency Court."  Despite the fact that their motion was filed only *two weeks* after plaintiffs filed the petition in the Superior Court, plaintiffs claimed that this Court should circumvent the state law petition process because the Superior Court was too slow in ruling upon and processing the petitions.[2]

---

[2] Plaintiffs' motion was based primarily upon the conclusory declarations of three attorneys who alleged their belief that the petition process was too slow in the Superior Court.  Those attorneys did not set forth specific facts regarding their claims, such as the relative size of the juvenile court records which the juvenile court judge was required to review prior to ruling upon the petition, whether any objections to the release of the records had been filed, or even whether a hearing had been set by the Superior Court judge – factors affecting the time required to issue an order on the petitions and produce juvenile records.

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

1

1    Although plaintiff served the defendants' counsel in this action, plaintiffs
2  did not serve notice of their motion upon the Superior Court; nor did plaintiffs
3  give the Superior Court an opportunity to respond prior to seeking the instant
4  order.  Neither did plaintiffs give the required notice to all persons identified in
5  California Welfare & Institutions Code § 827 and California Rules of Court, Rule
6  5.552; they thus failed to give those individuals a statutorily mandated
7  opportunity to object.

8    Plaintiffs' motion also failed to discuss (i) the breadth of judicial review
9  and determination required by state law in ruling upon whether to release any or
10  all of the juvenile records, (ii) the time requirements involved in adjudicating the
11  petitions, such as for statutory notice and objections and/or for setting the matter
12  for hearing, (iii) the statutory and Constitutional protections afforded to all the
13  parties involved, and (iv) plaintiffs' submission to the jurisdiction of the Superior
14  Court by filing of the currently pending November 2017 petition prior to its
15  motion in this Court.[3]

16    In response to plaintiffs' motion, this Court issued an order on January 8,
17  2018 requiring the Superior Court to produce all juvenile records in the juvenile
18  case file #CK97655 pertaining to minors L.S. and S.S – which consists of over
19  4000 pages of documents from the Superior Court and the Department of
20  Children and Family Services – without the benefit of a response from the
21  Superior Court.  As discussed more fully below, this Court is respectfully
22  requested to reconsider its order, to abstain from ruling on plaintiff's motion
23  under longstanding principles of comity and federalism, and to allow the petitions
24  currently before the Superior Court to be adjudicated in accordance with statutory
25
26
27
28

[3] Two petitions filed by the County defendants prior to plaintiffs filing their petition
are currently being processed and the relevant records are expected to be released.

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

2

OBJECTION TO ORDER REGARDING RELEASE OF JUVENILE COURT RECORDS

procedures set out for that purpose.[4]  The petition process is well under way, and the Superior Court expects to release the records requested by County defendants within days pursuant to regular procedures.

## II.

## THE COURT'S ORDER DOES NOT RECOGNIZE LONGSTANDING PRINCIPLES OF COMITY AND FEDERALISM

In describing the longstanding principles of comity, the United States Supreme Court stated in *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010):

> The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction. The doctrine reflects  'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways.' (Citations.).

The Court in *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716  (1996), explained:

> [F]ederal courts may decline to exercise their jurisdiction, in otherwise 'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest, (Citation.), for example, where abstention is warranted by considerations of 'proper constitutional adjudication,' 'regard for federal-state relations,' or 'wise judicial administration'....

---

[4] The procedures for a petition for juvenile records filed with the Superior Court typically takes between three and six months from start to finish depending on a variety of factors, including, but not limited to, (i) the size of the juvenile records requiring judicial review, (ii) any objections filed by any of the interested persons, (iii) whether a hearing on the petition is set, and (iv) the number of documents required to be copied. In this case, there are over 4000 pages of requested records from the Superior Court and the Department of Children and Family Services.

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

3

Abstention by this Court is warranted under the present circumstances in recognition of comity, federalism and the importance of maintaining federal-state relations.

## A.   *YOUNGER* ABSTENTION PREVENTS FEDERAL INTERFERENCE WITH STATE JUDICIAL PROCEEDINGS SUCH AS THE INSTANT SUPERIOR COURT PETITIONS

It is the general rule that federal courts must abstain from interfering with pending state judicial proceedings.   *Younger v. Harris*, 401 U.S. 37, 40-41 (1971). "Absent 'extraordinary circumstances,' abstention in favor of state court proceedings is required if the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of the Supreme Court of the State of California*, 67 F.3d 708, 712 (9th Cir. 1995).

First, in the present case, the pending juvenile court petitions filed by the plaintiffs for the records of L.S. and S.S. are matters which are ongoing and currently pending in the juvenile court.[5]

Second, the release of juvenile records presents a uniquely important state interest. "'[T]here exists in this state a strong public policy protective of the confidentiality of juvenile court records and proceedings.' (Citation.) The juvenile court has the authority to determine the extent to which its files are released and 'has the inherent right to control the time, place and manner of inspection.' (Citations.)  In exercising its authority, the juvenile court must make the children's best interests its primary concern. (Citations.)" *In re Tiffany G.*, 29

---

[5]   The petitions filed by County defendants are currently in process and the related records are expected to be released within days pursuant to regular petition procedures.

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

4

OBJECTION TO ORDER REGARDING RELEASE OF JUVENILE COURT RECORDS

Cal.App.4th 443, 451 (1994). "It is the express intent of the (California) Legislature 'that juvenile court records, in general, should be confidential. (Citations.)" *In re Keisha T.*, 38 Cal.App.4th 220, 231 (1995). To this end, California Welfare & Institutions Code § 827 sets forth the exclusive list of individuals who may view a juvenile case file without the order of a state juvenile court judge. Authorization for any other person or entity to inspect, obtain, or copy juvenile case files must be ordered by the juvenile court presiding judge or a judicial officer of the juvenile court. Cal. Rules of Court, Rule 5.552.

The juvenile court has "exclusive authority" to "make this determination," because it "has both the [requisite] 'sensitivity and expertise'. (Citations.)" *R.S. v. Superior Court*, 172 Cal.App.4th 1049, 1055 (2009); *see also, In re Keisha T.*, 38 Cal.App.4th at p. 231 ("The juvenile court, which is in the best position to determine whether disclosure is in the best interests of the minor, has been vested with 'exclusive authority to determine the extent to which juvenile records may be released to third parties.'"); *see also, Cimarusti v. Superior Court*, 79 Cal.App.4th 799, 803-04 (2000) ("The juvenile court has *exclusive authority* to determine the extent to which juvenile court records may be disclosed."). In fact, in *In re Anthony H.*, 129 Cal.App.4th 495, 502 (2005), the court found that it was error for the Presiding Juvenile Court Judge to delegate to a federal judge "the juvenile court's exclusive authority to determine disclosure of juvenile court records...."

Finally, plaintiffs not only had an adequate avenue for seeking juvenile court records as set forth in California Welfare & Institutions Code § 827 and California Rules of Court, Rule 5.552, but they had already begun pursuing that avenue when they engaged in parallel proceedings before this Court in filing their motion.[6] Although plaintiffs allege that the petition process takes too long, they

---

[6] It does not appear that plaintiffs had informed this Court that they had already

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

1  had only filed a juvenile petition with the Superior Court *two weeks* prior to the

2  instant motion.   The Superior Court records at issue are, in fact, likely to be

3  released pursuant to the County defendants' petitions in or around next week,

4  despite the time it has taken to process the high volume of documents requested

5  and to provide proper notice and an opportunity to object to all the required

6  parties.

7       Moreover, had plaintiffs been concerned about potential delays caused by

8  the petition process, they should not have waited for seven months after they filed

9  their complaint to file their petition for juvenile records, especially where

10  plaintiffs understood at least since the time of filing their complaint that the crux

11  of their claims arises directly from the dependency matter in the Superior Court

12  file at issue.

13  **B.**    **THE *BURFORD* DOCTRINE COUNSELS AGAINST THE**

14  **FEDERAL   COURT   ISSUING   ORDERS   PERTAINING   TO**

15  **PENDING   PETITIONS   FOR   JUVENILE   RECORDS   IN   THE**

16  **SUPERIOR COURT**

17       The United States Supreme Court stated in *Burford v. Sun Oil Co.*, 319

18  U.S. 315, 332–33 (1943):

> [T]he federal courts, 'exercising a wise discretion', restrain their authority
> because of 'scrupulous regard for the rightful independence of the state
> governments' and for the smooth working of the federal judiciary .... This
> use of equitable powers is a contribution of the courts in furthering the
> harmonious relation between state and federal authority without the need
> of rigorous congressional restriction of those powers.' (Citation.)

24       The *Burford* doctrine applies where:   (1) "the state has chosen to

25  concentrate suits challenging the actions of the agency involved in a particular

submitted to the jurisdiction of the Superior Court by properly submitting petitions
for juvenile court records for L.S. and S.S prior to filing the instant motion.

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405.

6

court;" (2) "federal issues could not be separated easily from complex state law issues with respect to which state courts might have special competence;" and (3) "federal review might disrupt state efforts to establish a coherent policy." *Knudsen Corp. v. Nevada State Dairy Comm'n*, 676 F.2d 374, 377 (9th Cir. 1982).

Here, the procedure for petition for juvenile records set out in California Welfare & Institutions Code § 827 and California Rules of Court, Rule 5.552 specifically requires the Presiding Judge of the Juvenile Court to review the petitions and to make a determination as to whether the release of those records should be ordered. Such state law processes cannot easily be separated from plaintiffs' efforts to obtain discovery in this case. Moreover, the instant order, which short-circuits the process required under California law, would disrupt state efforts to establish a coherent process for determining whether and when to release juvenile records and, in doing so, disregard the interests of parties in the state court action (especially those who are not parties to the action before this Court).

In *Dunn v. Cometa*, 238 F.3d 38, 42–43 (1st Cir. 2001), the First Circuit found that abstention pursuant to the *Burford* Doctrine was appropriate "to 'soften the tensions' of the dual federal-state court system" where the case involved state law and pertained to "conduct in a family context." The *Burford* principles, as applied in *Dunn*, are particularly appropriate in the present matter which "involve[s] elements of the domestic relationship even when the parties do not seek divorce, alimony, or child custody" in the federal action. *Ankenbrandt v. Richards*, 504 U.S. 689, 705–06 (1992). *See also, Estate of Merkel v. Pollard*, 354 F. App'x 88, 92 (5th Cir. 2009). Accordingly, *Burford* applies "to 'soften the tensions' of the dual federal-state court system" in this case, where the issues relate to state law and "elements of the domestic relationship."

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

7

OBJECTION TO ORDER REGARDING RELEASE OF JUVENILE COURT RECORDS

1    Even if federal courts have the authority to circumvent the petition process
2 in some circumstances, the principles of abstention under the *Younger* and
3 *Burford* doctrines militate against such a result in this particular instance – where
4 (i) the state interests in safeguarding the confidentiality of juvenile records are
5 considerable, (ii) the state petitions are presently in process and the records at
6 issue are likely to be released within days, (iii) the state petition procedure has
7 been set out specifically for the purpose of protecting the many interested parties'
8 due process and privacy rights, and (iv) the Court's order is likely to disrupt the
9 coherent policy reflected in the petition procedure.  Here, there are compelling
10 reasons to abstain from making this discovery order and instead allowing the
11 petition procedures to move forward in the Superior Court, especially where the
12 records at issue are likely to be available to the parties in the action within days
13 of this filing under such procedures.  Consequently, the Court should reconsider
14 its order under longstanding principles of abstention.

**III.**

16 **THE DUE PROCESS CLAUSE REQUIRES NOTICE AND AN**
17 **OPPORTUNTIY TO OBJECT PRIOR TO THE ISSUANCE OF THE**
18 **COURT'S ORDER**

19    "The constitutional right to be heard is a basic aspect of the duty of
20 government to follow a fair process of decisionmaking...." *Fuentes v. Shevin*,
21 407 U.S. 67, 80 (1972).  "Parties whose rights are to be affected are entitled to be
22 heard; and in order that they may enjoy that right they must first be notified.
23 (Citations.)  It is equally fundamental that the right to notice and an opportunity
24 to be heard 'must be granted at a meaningful time and in a meaningful manner.'
25 (Citations.)" *Id.*

26    In the present case, the Court issued an order requiring the Superior Court
27 to release juvenile court records without notice and an opportunity to be heard

28

Cummings, McClorey, Davis, Acho & Associates, P.C. 3801 University Avenue, Suite 560 Riverside, CA 92501 Telephone (951) 276-4420 Facsimile (951) 276-4405

8

OBJECTION TO ORDER REGARDING RELEASE OF JUVENILE COURT RECORDS

1    prior to issuance.[7]  Moreover, it does not appear that plaintiffs provided notice of
2    their motion to all of the interested persons as required by California Welfare &
3    Institutions Code § 827 and California Rules of Court, Rule 5.552, including (i)
4    the minors in the juvenile cases, (ii) their attorneys, (iii) their parents/guardians
5    and the parents' attorneys, (iv) county counsel, (v) the welfare department and
6    (vi) the minor's CASA volunteer.  Cal. Welf. & Inst. Code § 827 and Cal. Rules
7    of Court, Rule 5.552 (d).

8        Such a failure violates fundamental principles under the Due Process
9    Clause, which requires notice and an opportunity to be heard before any person
10   can be deprived of a constitutional right, such as the right of privacy over the
11   content of the juvenile records.  *See, Mullane v. Cent. Hanover Bank & Trust
12   Co.*, 339 U.S. 306, 313 (1950).  Indeed, California Welfare & Institutions Code §
13   827(a)(3)(B) specifically incorporates Due Process principles where it states that

14

15

16   [7]  The Superior Court was not afforded an opportunity to address the cases raised by
17   plaintiffs in their motion.  In *Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003),
     overruled on other grounds in *Filarsky v. Delia*, 132 S. Ct. 1657 (2012), the question
18   of whether the juvenile records should be ordered by the district court in that case
19   never reached the Ninth Circuit, because the party using the records never actually
     requested such a court order, and thus, was not entitled to the records.  The District
20   Court's order in *Maldonado v. Sec'y of Calif. Dep't of Corr. & Rehab.*, No.
21   2:06CV02696 MCEGGH, 2007 WL 4249811, at *5–6 (E.D. Cal. Nov. 30, 2007)
     allowing the disclosure of juvenile records notwithstanding Section 827 involved
22   specific factual circumstances not present here, including the death of the juvenile
23   individual at issue.  The *Maldonado* ruling is, in fact, consistent with Section
     827(a)(2)(B), which presents a statutory presumption in favor of releasing the records
24   of a deceased minor.  The District Court's order in *Horn v. Hornbeak*, No.
25   1:08CV1622 LJO DLB, 2010 WL 1027508, at *5 (E.D. Cal. Mar. 18, 2010), is
     similarly fact-specific, where the records were unlikely to contain highly confidential
26   material.  And, other cases cited by plaintiffs, including *Kelly v. City of San Jose*,
27   114 F.R.D. 653 (N.D. Cal. 1987) and *Soto v. City of Concord*, 162 F.R.D. 603 (N.D.
     Cal. 1995), involved different considerations relating to peace officer records in
28   excessive force cases.

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

9

1   "[p]rior to the release of the juvenile case file or any portion thereof, the court
2   shall afford due process, including a notice of and an opportunity to file an
3   objection to the release of the record or report to all interested parties." Cal.
4   Welf. & Inst. Code § 827, subd. (a)(3)(B).

5                                      **IV.**

6                              **<u>CONCLUSION</u>**

7          For all of the foregoing reasons, the non-party Superior Court of
8   California, County of Los Angeles objects to this Court's order to disseminate
9   confidential juvenile records and respectfully requests that this Court reconsider
10  its order.

11

12  Dated:  January 31, 2018

13

14                    CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.

15

16                    By:   /S/ Sarah L. Overton
                            Sarah L. Overton
17                          Attorneys for Non-Party
18                          Superior Court of California, County of Los Angeles

19

20

21

22

23

24

25

26

27

28

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

OBJECTION TO ORDER REGARDING RELEASE OF JUVENILE COURT RECORDS

1   "[p]rior to the release of the juvenile case file or any portion thereof, the court
2   shall afford due process, including a notice of and an opportunity to file an
3   objection to the release of the record or report to all interested parties."   Cal.
4   Welf. & Inst. Code § 827, subd. (a)(3)(B).

5                                        IV.

6                                  **CONCLUSION**

7          For all of the foregoing reasons, the non-party Superior Court of
8   California, County of Los Angeles objects to this Court's order to disseminate
9   confidential juvenile records and respectfully requests that this Court reconsider
10  its order.

11

12  Dated: January 31, 2018

13

14                    CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.

15

16           By: _____
17                    Sarah L. Overton
                      Attorneys for Non-Party
18                    Superior Court of California, County of Los Angeles

19

20

21

22

23

24

25

26

27

28

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

                                        10

## CERTIFICATE OF SERVICE

Case Name:  Sigal v. County of Los Angeles

Case No.:  CV17-04851 RGK (AGR)

On January 31, 2018, I have mailed the foregoing OBJECTION OF NON-PARTY SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES TO "ORDER FOR RELEASE OF JUVENILE COURT RECORDS AND INFORMATION" DATED JANUARY 8, 2018,by First-Class Mail, postage prepaid, to the following:

Stephen A. King

Rodriguez & King, Attorneys at Law

9401 Wilshire Blvd., Ste 608

Beverly Hills, CA 90212-2947

909.944.3777

sking@rodriguezking.com


Robert R. Powell

Sarah Elizabeth Marinho

Powell & Associates

925 W Hedding St.

San Jose, CA 95126-1216

Phone Number:      (408) 553-0201

Fax Number:             (408) 553-0203

smarinho@rrpassociates.com

rpowell@rrpassociates.com


Rachel R. Raymond

Rachel Raymond Law Offices

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

11

OBJECTION TO ORDER REGARDING RELEASE OF JUVENILE COURT RECORDS

1  Law Offices of Rachel R Raymond

2  1151 El Centro Street, Suite D

3  S Pasadena, CA 91030-5756

4  Phone Number:      (626) 269-9490

5  Fax Number:            (626) 639-3140

6  rachelrraymond@gmail.com

7

8  Avi A. Burkwitz

9  Peterson Bradford, Burkwitz

10  100 N 1st St #300

11  Burbank, CA 91502

12         I declare under penalty of perjury that the foregoing is true and correct under

13  and pursuant to the laws of the State of California.

14

15

16

                              Charmaine Apacible, Declarant

17

18

19

20

21

22

23

24

25

26

27

28

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

12

OBJECTION TO ORDER REGARDING RELEASE OF JUVENILE COURT RECORDS